CITY OF CINCINNATI, APPELLEE, *v.* McCLOY, APPELLANT.

[Cite as City of Cincinnati v. McCloy, 9 Ohio App. 2d 225.]

(No. 9824—Decided April 11, 1966.)

*Mr. Ralph Cors* and *Mr. Joseph Johnson,* for appellee.
*Messrs. Gorman, Davis & Hengelbrok,* for appellant.

LONG, J. The defendant was charged with and convicted of operating a motor vehicle while under the influence of alcohol, contrary to Section 506-1 of the Code of Ordinances of the city of Cincinnati.

It appears from the narrative bill of exceptions that, upon cross-examination, counsel for defendant attempted to elicit from Officer Day whether he and another policeman had a conference at the Traffic Bureau and what the substance of that conversation was. Objection to this line of questioning by the assistant prosecutor was sustained by the court.

Counsel for the defendant proffered to the court that the purpose of this line of questioning was to elicit from Officer Day that he and another officer had both expressed doubt as to whether defendant, McCloy, should be charged with driving while under the influence of an intoxicating beverage. It was further proffered that it was expected that the witness would testify that the final decision to charge the defendant was made by the Police Lieutenant at the Traffic Bureau.

The court ruled that evidence along this line was not admissible because it had theretofore granted defendant's motion to suppress certain evidence on the authority of *Escobedo* v. *Illinois*, 378 U. S. 478. The court ruled that the granting of a motion to suppress excluded not only testimony adverse to the defendant but even that which is favorable to the defendant. This is not the law of evidence.

Notwithstanding the granting of a motion to suppress, any testimony competent and pertinent offered by the defendant is admissible in evidence. However, we feel that the evidence which was proffered but excluded was without probative value and, therefore, is not prejudicial.

*Judgment affirmed.*

HILDEBRANT, P. J., and HOVER, J., concur.